**IN THE UNITED STATED DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| KRISTEN COBBS, LYNNE KAWAMINAMI, and LORETTA SCHWEINSBURG, *individually and on behalf of all others similarly situated,*<br><br>*Plaintiff*,<br><br>v.<br><br>PETMED EXPRESS, INC.,<br><br>*Defendant.* | Case No. 9:25-CV-80458-AMC |

**DEFENDANT PETMED EXPRESS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND DEADLINES CONCERNING CLASS CERTIFICATION**

Defendant PetMed Express, Inc. ("PetMeds"), by and through undersigned counsel, respectfully submits this response in opposition to Plaintiffs' Motion to Extend Deadlines Concerning Class Certification [ECF No. 54].

**INTRODUCTION**

At 11:19 p.m. on the night class certification expert reports were due, Plaintiffs moved to extend the class certification deadlines set forth in this Court's Scheduling Order. Rule 16(b)(4) permits modification of a scheduling order "only for good cause and with the judge's consent.". The burden rests squarely on Plaintiffs to demonstrate good cause for the requested modification. They have not done so. For the reasons that follow, Plaintiffs' Motion should be denied.

**BACKGROUND**

Plaintiffs initiated this action on April 10, 2025. [ECF No. 1]. On June 20, 2025, PetMeds filed its first motion to dismiss. [ECF No. 20]. On July 11, 2025, Plaintiffs filed their Amended Complaint. [ECF No. 21]. Two weeks later, PetMeds filed its Motion to Dismiss Plaintiffs' First

Amended Class Action Complaint. [ECF No. 23]. That motion (including Plaintiffs' unopposed sur-reply) was fully briefed as of September 24, 2025. [ECF No. 40].

On November 4, 2025—after briefing on the motion to dismiss was complete and while that motion was pending—the Court granted in part the parties' Joint Motion to Extend and Modify Deadlines in the Amended Scheduling Order. [ECF Nos. 41, 47]. As relevant here, the Court directed the parties to adhere to a **January 9, 2026** deadline for exchanging expert witness summaries or reports on issues of class certification. [ECF No. 47 at 2]. The Court expressly found "no good cause" for any extensions beyond those granted in the Order. *See id.* at 1.

As this Court knows, this case was mediated on December 11, 2025 and impassed. [ECF No. 53]. On December 12, 2025, Plaintiffs first mentioned to defense counsel that they may seek an extension of deadlines during one of the many discovery conferrals attested to by Mr. Reilly in his affidavit. [ECF No. 54-1]. Plaintiffs formalized their request via an email to defense counsel on December 22, asking whether Defendant would agree to a roughly two-week extension of the class certification deadlines. Defense counsel responded the following day that Defendant opposed the request. *See* Composite Exhibit A.

On December 30, 2025, Plaintiffs again indicated that they intended to seek an extension "as to all deadlines concerning class certification, not just those that concern expert reports" because the pleadings remained open. No specific length of extension was requested. Defense counsel responded by email asking for clarification. No response was received. *See* Composite Exhibit B.

On January 7, 2026, Plaintiffs again indicated they intended to seek an extension of class certification deadlines, with the proposed new deadlines tied to Defendants' answer date. The email was sent at 12:13 pm and Plaintiffs asked that Defendant respond by 5 pm: "Plaintiffs intend

to file this motion either this evening or early tomorrow morning, so please relay on Defendant's position by 5pm if possible." Plaintiffs followed up on that 12:13 pm email at 4:22 pm asking again for Defendant's position. Defense counsel responded at 5:32 pm indicating opposition to the request.[1] No motion was filed the evening of January 7th or the morning of January 8th. *See* Composite Exhibit C.

Of note, the Parties continued to engage in discovery meet-and-confers and discovery throughout that time period, both as to Plaintiffs' outstanding discovery production and as to Defendant's ongoing document production.

There having been no relief obtained from the January 9, 2026 class certification expert report deadline, at 6:42 pm on January 9, 2026, PetMeds complied with the Court's Order and served its expert report on Plaintiffs. It was not until 11:19 p.m. that night that Plaintiffs filed the instant Motion, asserting that they "cannot meet the deadlines concerning class certification until the pleadings are resolved." *See* ECF No. 54 at 1.[2]

**LEGAL STANDARD**

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." As the Southern District of Florida has recognized, "the scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Donahay v. Palm Beach Tours & Transp., Inc.*,

[1] Given this history, it is curious that Plaintiffs' Motion accuses Defendant of tactically oppose the ever-changing extension request while claiming "Plaintiffs ended the mediation to Defendant's chagrin, see ECF No. 53, and they have wasted no time continuing their march toward class certification and trial." Putting aside that this statement likely violates the mediation privilege, it is abundantly clear that Plaintiffs have made no such "march" toward class certification.

[2] Of note, even while claiming they are unable to disclose their own expert reports until Defendant answers the complaint, Plaintiffs have chosen to nit-pick Defendant's expert report, have requested reliance materials, have questioned Defendant's expert's "methodology", and appear to be preparing a rebuttal report.

243 F.R.D. 697, 699 (S.D. Fla. 2007) (internal quotation marks omitted); *see also Hess by McKenzie v. McNeil-PPC, Inc.*, No. 09-80840-CIV, 2010 WL 11504813, at *2 (S.D. Fla. Nov. 2, 2010). The Eleventh Circuit has made clear that "this good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.") (quoted with approval in *Sosa*). Likewise, Rule 16 and Rule 6(b) require that requests for extension be made prior to the expiration of the time period.[3] Finally, simply moving for an extension does not stay any deadline, unless and until the extension is granted by the court. *See e.g., Levrette-Rodriguez v. BP Expl. & Prod., Inc.*, 2023 WL 8295992, at *2 (N.D. Fla. Nov. 22, 2023) (noting that "the filing of the motion [to extend deadline] *did not* stay the expert disclosure deadline).

**ARGUMENT**

**I. Plaintiffs Were Not Unable to Meet Current Class Certification Deadlines**

Plaintiffs' Motion fails to show that they are unable to meet the current class certification deadlines, despite diligent efforts. To the contrary, Plaintiffs' Motion shows that they were well-aware of the nuances in expert opinions that would be required based on Plaintiffs' claims. Indeed, Plaintiffs, as the masters of their complaint, have chosen which claims to assert and have alleged, presumably in good faith, that the Rule 23 requirements will be met.[4] [ECF No. 21, ¶¶ 123-127].

---

[3] Indeed, had Plaintiffs filed 41 minutes later, they would be required to meet the excusable neglect standard, under Rule 16 – a standard that could not be met here.

[4] Further illustrative of the power that Plaintiffs wield as the masters of their complaint, the class definition proffered to this Court during the January 12, 2026 hearing (at its broadest, prescription purchasers) is found nowhere within Plaintiffs' First Amended Complaint. [ECF No. 21, ¶¶ 120-121]

In the same way that Defendant and this Court must take Plaintiffs' allegations as true at the pleadings stage, there was nothing preventing Plaintiffs from doing the same and disclosing the relevant expert opinions in support of each claim.[5] Rather, it is clear Plaintiffs simply did not want to incur unnecessary expense in doing so, if some or all of their claims would be dismissed. (*See* Mot. p. 6 (explaining that "if the CDAFA claim is upheld, the failure to retain a damages expert may foreclose Plaintiffs from bringing that claim on a class-wide basis. By the same token, if the CDAFA claim is dismissed, Plaintiffs' decision to retain a damages expert would prove superfluous."); Mot. p. 7 ("If Plaintiffs' claim under the Wiretap Act is upheld, for example, an expert report exclusively analyzing the website's functionality in California would be underinclusive and insufficient. By the same token, if only the CIPA claim survives the pleading stage, then an expert report analyzing the website's functionality across the United States would prove superfluous."))

Plaintiffs claim that they cannot demonstrate the predominance of common issues without knowing the full landscape of claims and legal issues in the case. [*But see* ECF No. 21 ¶ 124 (alleging predominance of common issues)]. However, such a concern is more relevant to Plaintiffs' motion for class certification (not yet due, even under the current Scheduling Order), rather than Plaintiffs' expert reports. To be clear, Plaintiffs could have disclosed experts on any issues they expected to be common issues, regardless of the "importance" of the issue vis-à-vis other common or individualized issues. (Mot. p. 9.) And the Court has now issued its Order on Defendant's Motion to Dismiss, thereby mooting any concerns related to the class certification motion briefing. [ECF No. 59].

---

[5] Indeed, at the January 12, 2026 hearing in front of this Court, Plaintiffs expressed confidence that their claims would survive Defendant's Motion. The Court has since ruled on Defendant's Motion and indeed three of their five claims survived. [ECF No. 59]

Finally, Plaintiffs' reference to affirmative defenses warrants no extension. Not only are Plaintiffs' counsel able to anticipate affirmative defenses based on their own knowledge of the law in this space, Plaintiffs have actually pled one such "defense" as a common issue in their Complaint. [*Compare* Mot. p. 10-11 (arguing that Defendant may raise consent as an affirmative defense), *with* ECF No. 21 ¶ 124(b) (alleging as a common issue, "whether Defendant obtained express consent for their conduct")]. Moreover, even if there were an unanticipated affirmative defense, Plaintiffs could address any affirmative defenses raised by Defendant in connection with the class certification considerations in their reply brief. Thus, this concern is another red herring.

## II. <u>Diligence in Discovery Is Irrelevant to Plaintiffs' Argument Where Plaintiffs Were Not Unable to Meet the Existing Deadline(s)</u>

Plaintiffs were not unable to disclose experts on January 9, 2026; Plaintiffs simply chose not to. Plaintiffs' discussion and attempted demonstration of diligence is irrelevant in such circumstances. Diligence "means more than just being busy." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Plaintiffs must show that "doing more, and doing it sooner, would have been unreasonable" or that opposing counsel thwarted their efforts. *Martinez v. D2C, LLC*, No. 23-21394-CIV, 2024 WL 1254376, at *2 (S.D. Fla. Mar. 25, 2024). Nowhere in Plaintiffs' Motion do they identify, for example, missing discovery or an upcoming deposition, that is needed by their experts. To be sure, Plaintiffs' Motion is not supported by any affidavit from a retained expert explaining why their opinions cannot be finalized. Instead of pointing to outstanding discovery, roadblocks presented by defense counsel, unexpected unavailability of witnesses or experts, or something similar, Plaintiffs suggest that, while they have been diligent (a conclusion

questioned by this Court at the January 12, 2026 hearing),[6] delays by the Court in ruling on Defendant's Motion warrant relief.

Moreover, in any discussion of diligence, the timing and circumstances of Plaintiffs' Motion cannot be overlooked. Plaintiffs contemplated seeking an extension of class certification deadlines for almost a month before finally moving for relief. Plaintiffs finally filed the Motion at 11:19 pm the night of the first class certification deadline, knowing full-well that there would be no possibility of obtaining relief from the deadline prior to it lapsing. Plaintiffs were not diligently working to meet the class certification deadlines.

Additionally, Plaintiffs did not seek to stay discovery or any other scheduling order deadlines, pending adjudication of Defendant's Motion to Dismiss. Rather, Plaintiffs appear to have been content to require the parties (and the Court) to continue to expend resources on this matter, while Plaintiffs sat back and waited to see how the pleadings would close.

From a defendant's perspective, every case, not just this one, could be informed by the closure of the pleadings prior to entry of a scheduling order, discovery deadlines, class certification deadlines or dispositive motion deadlines, for example. But that is not the practice in this District. Indeed, Plaintiffs' Motion fails to cite a single Southern District of Florida case in support of the argument that courts "have routinely granted such extensions under analogous circumstances" (Mot. p. 11-12). And the circumstances in the two cited Middle District of Florida cases are distinguishable.

---

[6] Since the January 12th hearing, Plaintiffs Cobbs and Kawaminami have made what appears to be their initial production. Plaintiff Cobbs produced 5 pages of printed out emails (not in original file format) and Plaintiff Kawaminami produced screenshots of incomplete emails in her inbox. There are some communications with PetMeds' customer service regarding orders, and some marketing emails received from PetMeds. Putting aside the completeness and format of production issues, none appear to address the issues in this case. Plaintiff Schweinsburg has not yet produced any documents.

First, in *Norris v. Honeywell*, the parties jointly moved to extend the class certification deadline and made such motion one month prior to the deadline. *See Norris v. Honeywell,* Case No. 8:22-cv-01675-CEH-TGW [ECF No. 58], June 22, 2023 ("The instant motion is brought well before Plaintiff's current deadline of July 21, 2023, to file their Motion for Class Certification"). And in *Wave Length Hair Salons of Florida, Inc. v. CBL & Associates Properties, Inc.*, the Court addressed an extension of the automatic class certification motion (not expert report) deadline set forth in now-repealed Middle District Local Rule 4.04(b). *See* 2016 WL 7404733, (M.D. Fla. Nov. 26, 2016), finding no prejudice to any party in doing so. In contrast, here, Defendant has disclosed its report in compliance with this Court's Scheduling Order, and Plaintiffs should not be allowed an after-the-fact do-over when they knowingly allowed their deadline to pass. *See Garcia v. Sun W. Mortg. Co., Inc.*, No. 18-23289-CIV, 2019 WL 13155809, at *3 (S.D. Fla. Jan. 17, 2019) (denying extension that would render scheduling order obsolete and noting: "beginning to inquire into issues relevant to class certification so close to the deadline is indicative of a *lack* of diligence on Plaintiff's counsel's part").

**III. The Court's Subsequent Order on Motion to Dismiss Does Not Warrant the Relief Sought**

To the extent Plaintiffs are permitted a reply to this Motion (which Defendant believes is unnecessary), Plaintiffs may urge this Court to allow the extension in light of the fact that the extension will now be of a defined duration since the Court has now ruled on Defendant's Motion and set a date for Defendant to answer the Complaint. This Court still should not do so.

First, if Defendant answers on February 4, 2026 and Plaintiffs are allowed two weeks thereafter to disclose class certification experts, that will amount to a forty day extension of the original deadline, i.e., far from a brief extension. Moreover, if the rebuttal expert report deadline is likewise extended to five weeks after Defendant's answer (as Plaintiff requests), that will afford

Plaintiffs until March 11 (i.e., over two months) to potentially depose and prepare a rebuttal report to Defendant's already-disclosed expert, while Defendant will have only 5 weeks to depose Plaintiffs' experts and prepare rebuttals to any belated reports served by Plaintiffs.

In addition, the class certification motion deadline would be extended to March 25, 2026, which would fall after the deadline for disclosure of merits expert reports (March 19, 2026). Indeed, the class certification motion would not be briefed until, at the earliest, April 15, 2026, and would be unlikely to be ruled upon prior to the June 2, 2026 deadline for dispositive motions.

In short, while Plaintiffs may claim they only seek an extension of the class certification deadlines, allowing that extension necessitates extending all deadlines in the Scheduling Order, something this Court has refused to do. [ECF No. 47]. And if all deadlines are not extended, Defendant and this Court will be prejudiced by having to operate within tight timeframes,[7] simply because Plaintiffs unilaterally decided they did not want to meet their class certification expert report deadline. Although diligence, not lack of prejudice, is the determinative factor in the Rule 16(b)(4) good cause analysis, neither diligence nor lack of prejudice can be established on these facts.

**CONCLUSION**

Plaintiffs have not carried their burden under Rule 16(b)(4). They offer no sufficient explanation for their purported inability to disclose experts or meet other class certification deadlines despite their purported diligence, no justification for seeking relief at the eleventh hour,

[7] The April 15th close of class certification briefing date assumes only a two-week response time to Plaintiffs' motion (whereas Plaintiffs will have had essentially unlimited time to decide how to formulate their class and seek certification). If that response time were reasonably extended to 30 days, and Plaintiffs were content with a one-week reply deadline, briefing would not close until May 1, 2026. If Plaintiffs likewise needed additional time to brief their reply, the briefing would not close until even later, further interfering with the Scheduling Order deadlines and compressing the time this Court would have to adjudicate class certification and future motions prior to the October 19, 2026 trial date.

and no basis to disturb an Amended Scheduling Order the Court has already declined to extend absent "good cause." PetMeds, by contrast, complied fully and on time. Moreover, the Court has now ruled on Defendant's Motion to Dismiss. Granting Plaintiffs' request would reward delay, create prejudice, and undermine the orderly management of this case. Plaintiffs' Motion should be denied, and the current Scheduling Order should remain in place.

Dated: January 16, 2026

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Jennifer A. McLoone*
Jennifer A. McLoone (FBN 029234)
Citigroup Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 358-5171
Fax: (305) 358-7470
jmcloone@shb.com

*Attorneys for Defendant PetMed Express, Inc.*