**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| KRISTIN COBBS, LYNNE KAWAMINAMI, and LORETTA SCHWEINSBURG, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br>vs.<br><br>PETMED EXPRESS, INC.,<br><br>*Defendant*. | Case No. 9:25-cv-80458-RLR |

**ANSWER AND DEFENSES TO**
**FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant, PETMED EXPRESS, INC. ("PetMeds"), by counsel, and hereby submits the following Answer and Defenses to Plaintiffs' First Amended Class Action Complaint ("Complaint"). PetMed denies each and every allegation, statement, matter and thing contained in the First Amended Class Action Complaint except as is hereinafter expressly admitted or alleged.

The repetition of the Complaint's subheadings is done solely for organizational purposes and is not an admission as to their truth.

## NATURE OF THE ACTION

1. PetMeds admits that Plaintiffs seek to bring a class action but deny that the characterization of the class in Paragraph 1 matches the class definition alleged in Paragraph 120. PetMeds further denies that class certification is appropriate, that data privacy violations occurred, and that Plaintiffs are entitled to any relief.

2. PetMeds admits that it owns and operates the referenced website. PetMeds denies all remaining allegations in Paragraph 2.

3. PetMeds admits only that it has certain duties as set forth by law. PetMeds denies Plaintiffs' characterization of those legal duties and denies any violation of those duties. PetMeds also denies that it is a veterinary practice.

4. PetMeds admits to using certain advertising technology on its website at various periods of time, as more fully set forth in its discovery responses but denies that the technology allows third parties to "eavesdrop on communications". PetMeds denies any remaining allegations in Paragraph 4.

5. PetMeds denies the allegations contained in Paragraph 5.

6. PetMeds admits that Plaintiffs purport to bring this action for legal and equitable remedies but denies any illegal conduct and denies that Plaintiffs are entitled to any relief.

**PARTIES**

7. PetMeds is without knowledge as to where Plaintiff Kristen Cobbs is domiciled or when Plaintiff Kristen Cobbs joined Facebook. PetMeds admits that on or about October 29, 2024, Plaintiff Cobbs made a purchase of veterinary medicine on 1800petmeds.com. PetMeds is without knowledge as to Plaintiff Cobbs' exact conduct on its website but admits that Plaintiff Cobbs would have had to navigate to certain areas of the website and would have entered various information in order to effectuate that purchase. PetMeds denies that such information would have included her pet's prescription or other veterinary information. PetMeds denies Plaintiffs Cobbs' allegation that she was not put on notice of the privacy policy on 1800petmeds.com and states that a hyperlink to the privacy policy was displayed to Ms. Cobbs at multiple points during her shopping and checkout process. PetMeds denies that it assisted third parties with intercepting Ms. Cobbs' electronic communications with

1800petmeds.com, denies that the conduct Ms. Cobbs alleges she took on the website constitutes electronic communications, and denies that any such "communications" contained veterinary information or personally identifiable information. PetMeds is without knowledge as to whether any information about Ms. Cobbs was shared with third parties. PetMeds states that it is without knowledge as to Plaintiff Cobbs' expectations but denies that it would be reasonable for Plaintiff Cobbs to expect a digital retailer not to use advertising technology such as allege here. PetMeds denies any remaining allegations in Paragraph 7.

8. PetMeds is without knowledge as to where Plaintiff Kawaminami is domiciled or when Plaintiff Kawaminami joined Facebook. PetMeds admits that on or about February 6, 2025, Plaintiff Kawaminami made a purchase of veterinary medicine on 1800petmeds.com. PetMeds is without knowledge as to Plaintiff Kawaminami's exact conduct on its website but admits that Plaintiff Kawaminami would have had to navigate to certain areas of the website and would have entered various information in order to effectuate that purchase. PetMeds denies that such information would have included her pet's prescription or other veterinary information. PetMeds denies Plaintiff Kawaminami's allegation that she was not put on notice of the privacy policy on 1800petmeds.com and states that a hyperlink to the privacy policy was displayed to Plaintiff Kawaminami at multiple points during her shopping and checkout process. PetMeds denies that it assisted third parties with intercepting Plaintiff's electronic communications with 1800petmeds.com, denies that the conduct Plaintiff alleges she took on the website constitutes electronic communications, and denies that any such "communications" contained veterinary information or personally identifiable information. PetMeds is without knowledge as to whether any information about Plaintiff was shared with third parties. PetMeds states that it is without knowledge as to

Plaintiff's expectations but denies that it would be reasonable for Plaintiff to expect a digital retailer not to use advertising technology such as allege here. PetMeds denies any remaining allegations in Paragraph 8.

9. Plaintiff Schweinsburg has voluntarily dismissed her claims therefore no response is required as to Paragraph 9. To the extent a response is required, PetMeds is without knowledge as to where Plaintiff Schweinsburg is domiciled or when Plaintiff Schweinsburg joined Facebook. PetMeds admits that on or about September 18, 2024, Plaintiff Schweinsburg made a purchase of veterinary medicine on 1800petmeds.com. PetMeds is without knowledge as to Plaintiff Schweinsburg's exact conduct on its website but admits that Plaintiff Schweinsburg would have had to navigate to certain areas of the website and would have entered various information in order to effectuate that purchase. PetMeds denies that such information would have included her pet's prescription or other veterinary information. PetMeds denies Plaintiff Schweinsburg's allegation that she was not put on notice of the privacy policy on 1800petmeds.com and states that a hyperlink to the privacy policy was displayed to Plaintiff Schweinsburg at multiple points during her shopping and checkout process. PetMeds denies that it assisted third parties with intercepting Plaintiff's electronic communications with 1800petmeds.com, denies that the conduct Plaintiff alleges she took on the website constitutes electronic communications, and denies that any such "communications" contained veterinary information or personally identifiable information. PetMeds is without knowledge as to whether any information about Plaintiff was shared with third parties. PetMeds states that it is without knowledge as to Plaintiff's expectations but denies that it would be reasonable for Plaintiff to expect a digital retailer not to use advertising technology such as allege here. PetMeds denies any remaining allegations in Paragraph 9.

10. PetMeds is without knowledge as to where Plaintiffs were physically located at the time of their online transactions. Without conceding that IP address is an adequate method by which to identify the physical location of a website visitor, based on the IP addresses associated with the above transactions, PetMeds denies Paragraph 10.

11. PetMeds admits that it is a Florida corporation headquartered in Delray Beach, Florida.

## JURISDICTION AND VENUE

12. PetMeds admits that Plaintiffs purport to invoke federal question and CAFA jurisdiction. PetMeds does not challenge this Court's subject matter jurisdiction but denies that Plaintiffs are entitled to any relief.

13. PetMeds admits that this Court has personal jurisdiction over it as a Florida corporation, but denies that Plaintiffs are entitled to any relief.

14. PetMeds admits that venue is proper in the West Palm Beach Division of the Southern District.

## FACTUAL BACKGROUND

### A. The Wiretap Act and the California Invasion of Privacy Act

15. Paragraph 15 constitutes a statement of law to which no response is required. PetMeds denies any characterization by Plaintiffs of the legal sources cited.

16. Paragraph 16 constitutes a statement of law to which no response is required. PetMeds denies any characterization by Plaintiffs of the legal sources cited, including any suggestion by Plaintiffs that any amendments to the Wiretap Act were intended to address the advertising technology at issue in this case.

17. Paragraph 17 constitutes a statement of law to which no response is required. PetMeds denies any characterization by Plaintiffs of the legal sources cited, including any

suggestion by Plaintiffs that any amendments to the Wiretap Act were intended to address the advertising technology at issue in this case.

18. Paragraph 18 constitutes a statement of law to which no response is required. PetMeds denies any characterization by Plaintiffs of the legal sources cited, including any suggestion by Plaintiffs that any amendments to the Wiretap Act were intended to address the advertising technology at issue in this case.

19. Paragraph 19 constitutes a statement of law to which no response is required. PetMeds denies any characterization by Plaintiffs of the legal sources cited, including any suggestion by Plaintiffs that the Wiretap Act, the California Invasion of Privacy Act, or the Florida Security of Communications Act were intended to address the advertising technology at issue in this case.[1]

20. Paragraph 20 constitutes a statement of law to which no response is required. PetMeds denies any characterization by Plaintiffs of the legal sources cited, including any suggestion by Plaintiffs that the California Invasion of Privacy Act, was intended to address, or does apply to, the advertising technology at issue in this case.

**B. Veterinary Information is Sensitive and Confidential**

21. Paragraph 21 is a vague and general statement related to "numerous state statutes and regulations" to which PetMeds is unable to respond. To the extent a response is required, PetMeds denies the allegations, PetMeds denies that it is a veterinarian, and denies that veterinary information is communicated through its website.

---

[1] PetMeds notes that Plaintiffs do not bring a claim under Florida's Security of Communications Act.

22. Paragraph 22 purports to quote various state laws pertaining to veterinary care. PetMeds denies Plaintiffs' characterization of those laws, denies that it is veterinarian, and denies that veterinary information is communicated through its website.

23. Paragraph 23 contains statements of law to which no response is required. To the extent a response is required, PetMeds denies that prescriptions are communicated through its website, denies the applicability of the cited law to the conduct at issue in this case, denies any violation of the cited law, and denies any remaining allegations in Paragraph 23.

24. Paragraph 24 contains statements of law to which no response is required. To the extent a response is required, PetMeds denies that prescriptions are communicated through its website, denies the applicability of the cited law to the conduct at issue in this case, denies any violation of the cited law, and denies any remaining allegations in Paragraph 24.

25. PetMeds admits that it is licensed as a pharmacy in California and Florida. PetMeds denies any remaining allegations in Paragraph 25.

26. PetMeds admits that only licensed pharmacies can dispense certain veterinary prescription medicine. PetMeds denies any remaining allegations in Paragraph 26.

27. PetMeds denies that it is a veterinarian, denies that veterinary records are communicated through its website, and denies that this allegation related to the industry standard for keeping such information confidential is inapplicable to the claims at issue. PetMeds denies any remaining allegations in Paragraph 27.

28. PetMeds does not understand the allegations in Paragraph 28 but denies any characterization by Plaintiffs that listing a pharmacy accreditation on its website is an acknowledgement of an industry standard to keep veterinary information confidential. PetMeds admits that it is a licensed pharmacy and is accredited by the National Association

of Boards of Pharmacy. PetMeds denies that it is a veterinarian and denies that veterinary information is communicated via its website, or shared with third parties. PetMeds denies that the conduct at issue in this case violates any confidentiality provisions related to veterinary information. Other than what has been admitted, PetMeds denies all remaining allegations in Paragraph 28.

29. Denied.

30. PetMeds admits that the quoted language is displayed but denies Plaintiffs' characterization thereof. PetMeds states that the language quoted by Plaintiffs is displayed in connection with the prompt asking a customer whether the customer will mail in the veterinary prescription or whether the customer wants PetMeds to contact the prescribing veterinarian to verify the prescription:



PetMeds therefore denies that the quoted language has any relevance to the conduct at issue in the case, denies that veterinary prescription information is communicated through its website, and denies any liability.

31. Denied.

32. PetMeds denies that veterinary prescription information is communicated through its website and denies that such information is disclosed to third parties.

33. PetMeds denies that veterinary prescription information is communicated through its website and denies that such information is disclosed to third parties.

**C. Meta's Platform and its Business Tools**

34. PetMeds states that Paragraph 34 purports to quote from various third party articles PetMeds has no personal knowledge upon which to admit or deny the allegations. PetMeds therefore denies the allegations and denies any characterization by Plaintiffs of the third-party articles cited.

35. PetMeds has no personal knowledge of Meta's revenue sources and therefore denies the allegations in Paragraph 35 and denies any characterization by Plaintiffs of the cited source.

36. PetMeds has no personal knowledge of how Meta sells advertising space and therefore denies the allegations in Paragraph 36 and denies any characterization by Plaintiffs of the cited source.

37. PetMeds has no personal knowledge of the allegations in Paragraph 37 and therefore denies the allegations in Paragraph 37 and denies any characterization by Plaintiffs of the cited source.

38. PetMeds has no personal knowledge of the allegations in Paragraph 38 and therefore denies the allegations in Paragraph 38 and denies any characterization by Plaintiffs of the cited source.

39. PetMeds has no personal knowledge of the sources cited and on that basis denies the allegations in Paragraph 39 and denies any characterization by Plaintiffs of the information in Paragraph 39.

40. PetMeds has no personal knowledge as to the information cited in Paragraph 40 and on that basis denies the allegations and any characterization by Plaintiffs of the cited source. PetMeds admits that Meta Pixel is a code that can be integrated into websites and servers. PetMeds denies that Meta intercepts user activity. PetMeds denies any remaining allegations in Paragraph 40.

41. PetMeds has no personal knowledge as to the information cited in Paragraph 401 and on that basis denies the allegations and any characterization by Plaintiffs of the cited source.

42. PetMeds admits that the Metal Pixel is offered by Meta to retailers and PetMeds admits that the Meta Pixel code was integrated into 1800petmeds.com during various periods of time. PetMeds denies that the software code runs "surreptitiously", but admits that the code sends a separate message to Meta's servers. PetMeds denies any remaining allegations in Paragraph 42.

43. PetMeds admits that the transmission to Meta is a separate second transmission that is initiated by the code provided by Meta and integrated into 1800petmeds.com website. PetMeds denies that the transmission is "secret" and denies that it is concurrent. PetMeds

denies the characterization of "[t]wo sets of code" and denies any remaining allegations in Paragraph 43.

44. PetMeds denies that Meta "intercepts" information and PetMeds has no personal knowledge as to what Meta does to create datasets, if any. PetMeds denies any remaining allegations in Paragraph 44.

**D. Defendant and the Meta Pixel – Interception of Prescription Information**

45. Admitted that Defendant integrated the Meta Pixel on its website during various periods of time and with various configurations as set forth in discovery.

46. Admitted.

47. Admitted.

48. Denied that URLs reveal prescription information.

49. Admitted that URLs of websites reveal search terms if the visitor is brought to the webpage via a search query.

50. Admitted that at various times and under certain circumstances the cited parameters are transmitted to Facebook.

51. Denied.

52. Admitted.

53. Denied.

54. Denied.

55. PetMeds states that the transmission of any Facebook ID is between Meta and the user's browser and does not involve PetMeds or its website. As such, PetMeds is without personal knowledge as to the allegations in Paragraph 55 and on that basis denies them.

56. PetMeds states that the transmission of cookies to Meta when a visitor logs out of Facebook has nothing to do with PetMeds and therefore PetMed has no personal knowledge as it relates to Paragraph 56 and denies the allegations on that basis.

57. PetMeds states that the transmission of cookies to Meta when a visitor logs out of Facebook has nothing to do with PetMeds and therefore PetMed has no personal knowledge as it relates to Paragraph 57 and denies the allegations on that basis.

58. PetMeds states that the transmission of cookies to Meta when a visitor logs out of Facebook has nothing to do with PetMeds and therefore PetMed has no personal knowledge as it relates to Paragraph 58 and denies the allegations on that basis.

59. PetMeds has no personal knowledge as it relates to the _fbp cookie and therefore denies the allegations of Paragraph 59 on that basis.

60. PetMeds has no personal knowledge as to how Meta uses cookies to like Facebook IDs or Facebook profiles and on that basis denies the allegations in Paragraph 60.

61. Admitted that at various times PetMeds enabled Automatic Matching for Partner Integrations but denied that, at all times, this enabled the Pixel to capture identifiers, if any, that a user submits through form fields.

62. Denied.

63. Denied.

64. Admitted that at various times 1800petmeds.com ran Conversions API but denied that this constitutes an interception of user's communications. PetMeds denies any remaining allegations in Paragraph 64.

### E. Neither Defendant nor Meta Receive Consent from Consumers to Intercept Confidential Communications

65. Denied.

66. PetMeds does not have personal knowledge as to what Meta warrants but PetMeds denies that Meta received sensitive or confidential information via 1800petmeds.com. PetMeds denies any remaining allegations in Paragraph 66.

67. PetMeds is without personal knowledge as to the agreements between Meta and its users and on that basis denies the allegations in Paragraph 67.

68. PetMeds is without personal knowledge as to the agreements between Meta and its users and on that basis denies the allegations in Paragraph 68.

69. PetMeds is without personal knowledge as to the agreements between Meta and its users and on that basis denies the allegations in Paragraph 69.

70. PetMeds is without personal knowledge as to the agreements between Meta and its users and on that basis denies the allegations in Paragraph 70.

71. PetMeds is without personal knowledge as to the agreements between Meta and its users and on that basis denies the allegations in Paragraph 71.

72. PetMeds is without personal knowledge as to the agreements between Meta and its users and on that basis denies the allegations in Paragraph 72.

73. PetMeds is without personal knowledge as to the representations between Meta and its users and on that basis denies the allegations in Paragraph 73.

***

74. Denied.

**F. Attentive and its Tracking Tools**

75. PetMeds has no personal knowledge as to the information cited in Paragraph 75 and on that basis denies the allegations and denies any characterization by Plaintiffs of the cited sources.

76. PetMeds has no personal knowledge as to the information cited in Paragraph 76 and on that basis denies the allegations and denies any characterization by Plaintiffs of the cited sources.

77. PetMeds has no personal knowledge as to the information cited in Paragraph 77 and on that basis denies the allegations and denies any characterization by Plaintiffs of the cited sources.

78. PetMeds has no personal knowledge as to the information cited in Paragraph 78 and on that basis denies the allegations and denies any characterization by Plaintiffs of the cited sources. PetMeds states that it did use Attentive for Identity Graphs.

79. PetMeds has no personal knowledge as to the information cited in Paragraph 79 and on that basis denies the allegations and denies any characterization by Plaintiffs of the cited sources. PetMeds states that it did use Attentive for Identity Graphs.

80. PetMeds has no personal knowledge as to the information cited in Paragraph 80 and on that basis denies the allegations and denies any characterization by Plaintiffs of the cited sources. PetMeds states that it did use Attentive for Identity Graphs.

81. PetMeds has no personal knowledge as to the information cited in Paragraph 81 and on that basis denies the allegations and denies any characterization by Plaintiffs of the cited sources. PetMeds states that it did use Attentive for Identity Graphs.

**G. Attentive Intentionally Circumvents Privacy Controls**

82. PetMeds has no personal knowledge of the information cited in Paragraph 82 and on that basis denies the allegations and any characterization by Plaintiffs of the cited source.

83. PetMeds has no personal knowledge of the information cited in Paragraph 83 and on that basis denies the allegations and any characterization by Plaintiffs of the cited source.

**H. Defendant's Knowledge of Attentive's Platform and Practices**

84. Denied.

85. PetMeds has no personal knowledge of the information cited in Paragraph 85 and on that basis denies the allegations and any characterization by Plaintiffs of the cited source.

86. PetMeds denies having any such contract with Attentive as alleged in Paragraph 86.

**I. Defendant's Website and Attentive's Tracking**

87. Denied.

88. Denied.

89. PetMeds admits that it requires shipping information for customers making purchases on its website, but PetMeds states that there are various ways in which customers can authenticate on the website not all of which require manual entry of email address and phone number. PetMeds therefore denies the allegations in Paragraph 89.

90. PetMeds admits that email addresses are shared with Attentive for the purpose of multi-factor authentication and SMS messaging. PetMeds denies that the transmission is contemporaneous and denies the remaining allegations in Paragraph 90.

91. Denied that in all instances a search query is matched with "direct identifiers".

92. Denied.

93. Denied.

94. Denied.

95. Denied.

**J. Defendant and Zeta**

96. PetMeds is without personal knowledge of the information cited and on that basis denies the allegations in Paragraph 96 and denies any characterization by Plaintiffs of the source cited.

97. PetMeds is without personal knowledge of the information cited and on that basis denies the allegations in Paragraph 97 and denies any characterization by Plaintiffs of the source cited.

98. PetMeds is without personal knowledge of the information cited and on that basis denies the allegations in Paragraph 98 and denies any characterization by Plaintiffs of the source cited.

99. PetMeds is without personal knowledge of the information cited and on that basis denies the allegations in Paragraph 99 and denies any characterization by Plaintiffs of the source cited.

100. PetMeds is without personal knowledge of the information cited and on that basis denies the allegations in Paragraph 100 and denies any characterization by Plaintiffs of the source cited. PetMeds admits only that at various periods of time it has had various Zeta tags integrated on 1800petmeds.com, as set forth in discovery.

101. Denied.

102. Denied.

103. Denied.

104. PetMeds is without personal knowledge of the information cited and on that basis denies the allegations in Paragraph 104 and denies any characterization by Plaintiffs of the source cited.

105. Denied.

106. Denied

107. Denied.

**K. Defendant's Conduct Caused Plaintiffs and Class Members to Suffer Economic Injury**

108. PetMeds is without personal knowledge of the information cited and on that basis denies the allegations in Paragraph 108 and denies any characterization by Plaintiffs of the source cited.

109. PetMeds is without personal knowledge of the information cited and on that basis denies the allegations in Paragraph 109 and denies any characterization by Plaintiffs of the source cited.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

**TOLLING, CONCEALMENT, AND ESTOPPEL**

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

**CLASS ALLEGATIONS**

120. PetMeds admits that Plaintiffs purport to bring this matter as a class action on behalf of a nationwide class but denies that class certification is appropriate and denies that Plaintiffs are entitled to any relief.

121. PetMeds admits that Plaintiffs purport to seek certification of a California sub-class but denies that class certification is appropriate and denies that Plaintiffs are entitled to any relief.

122. PetMeds admits that Plaintiffs purport to reserve the right to modify the class definitions but notes that the deadline to amend pleadings has passed, denies that class certification is appropriate, and denies that Plaintiffs are entitled to any relief.

123. PetMeds denies that class certification is appropriate but admits that the above class definitions consist of thousands of individuals. PetMeds denies that class certification would benefit the parties and the Court.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

## <u>CAUSES OF ACTION – COUNT I</u>
**Violation of the Wiretap Act**
**18 U.S.C. § 2510, *et. seq.***
**(Nationwide Class)**

130. PetMeds incorporates its responses to Paragraphs 1 through 129 as if fully set forth herein.

131. Paragraph 131 is a statement of law to which no response is required. PetMeds denies any characterization of the Wiretap Act by Plaintiffs, denies that the Wiretap Act was intended to or does apply to the conduct at issue in this case, and denies any violation thereof.

132. Paragraph 132 is a statement of law to which no response is required. PetMeds denies any characterization of the Wiretap Act by Plaintiffs, denies that the Wiretap Act was intended to or does apply to the conduct at issue in this case, and denies any violation thereof

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

**COUNT II**
**Violation of the California Invasion of Privacy Act**
**Cal. Penal Code § 631**
**(California Class)**

143. PetMeds incorporates its responses to Paragraphs 1 through 129 as if fully set forth herein.

144. PetMeds admits that Plaintiffs purport to bring this claim individually and on behalf of a California class but denies that class certification is appropriate and denies that Plaintiffs are entitled to any relief.

145. PetMeds states that Paragraph 145 is a statement of law to which no response is required. PetMeds denies any characterization of that law by Plaintiffs and denies any implication that CIPA was intended to address or should apply to the conduct at issue in this case. PetMeds denies any remaining allegations in Paragraph 145.

146. PetMeds states that Paragraph 146 is a statement of law to which no response is required. PetMeds denies any characterization of that law by Plaintiffs and denies any implication that CIPA was intended to address or should apply to the conduct at issue in this case. PetMeds denies any remaining allegations in Paragraph 146.

147. PetMeds is unable to respond to Paragraph 147 which appears to be incomplete. To the extent a response is required, PetMeds denies that CIPA applies to the conduct alleged in Plaintiffs' complaint and, to the extent that it does, denies that consent was lacking.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Paragraph 152 attempts to state a legal conclusion to which no response is required. To the extent a response is required, denied.

153. Denied.

**COUNT III**
**Violation of California Invasion of Privacy Act**
**Cal. Penal Code § 632**
**(California Class)**

154. PetMeds incorporates its responses to Paragraphs 1 through 129 above as if fully set forth herein.

155. PetMeds admit that Plaintiffs purport to bring this count individually and on behalf of a California class but denying that class certification is appropriate and deny that Plaintiffs are entitled to any relief.

156. Denied.

157. Denied.

158. Denied.

**COUNT IV**
**Violation of the Comprehensive Computer Data and Access and Fraud Act ("CDAFA")**
**Cal. Penal Code § 502, *et. seq.***
**(California Class)**

159 – 167. Count IV was dismissed via Court Order, therefore no response is required to Paragraphs 159 through 167.

**COUNT V**
**Intrusion Upon Seclusion**
**(Nationwide Class)**

168 – 176. Count V was dismissed via Court Order, therefore no response is required to Paragraphs 168 through 176.

Responding to Plaintiff's Prayer for Relief and the Wherefore clause following Paragraph 176, PetMeds denies any allegations contained therein, denies that this action is appropriate for class certification, denies that its conduct violates the statutes referenced in Plaintiffs' Complaint, and denies that Plaintiffs are entitled to any relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant PetMeds having full answered Plaintiffs' Complaint and further denying any allegations that were not expressly admitted herein, PetMeds asserts the following defenses and affirmative defenses, without assuming the burden of proof where it otherwise rests.

### First Defense

Plaintiff fails to state a claim upon which relief can be granted because PetMeds did not "intercept" the "contents" of any "communication" or "electronic communication" using a "device" "in transit" or "contemporaneously; the ECPA is a single-party consent statute and any alleged communications to third parties were consented to by PetMeds; the ECPA's criminal or tortious conduct exception does not apply; and PetMeds did not eavesdrop on any communication  or facilitate any interception or eavesdropping by a third party.

### Second Defense

Plaintiffs' claims are barred by the choice of law provision in the Privacy Policy on 1800petmeds.com that indicates that Florida law applies to this matter.

### Third Defense

Plaintiffs lack standing because they have not suffered any injury-in-fact that is fairly traceable to the conduct of PetMeds as alleged herein.

**Fourth Defense**

Plaintiffs' claims and those of the putative class are barred by, or reduced to the extent they based on conduct outside of, the statute of limitations applicable to their claims including the two-year statute of limitations for the ECPA claim and the one year statute of limitations for the CIPA claims.

**Fifth Defense**

Plaintiff's claims and those of the putative class are or may be barred by the doctrines of waiver and/or release as the terms and conditions and/or privacy policy of PetMeds that Plaintiff and the putative class assented to bars their claims. Further, the claims may be barred, depending upon the facts determined in discovery, by agreements they may have signed with other third-parties relating to their claims.

**Sixth Defense**

Plaintiffs' claims and those of the putative class are barred by consent because, without limitation, by using 1800petmeds.com website, Plaintiffs and the putative class members gave consent to the use of common website analytics tools. Furthermore, by using the website, Plaintiffs and the putative class consented, either expressly or impliedly, to the Terms and Conditions and Privacy Policy which disclosed the use of common website analytics tools on the website and, thus, Plaintiffs provided consent to use of the same.

**Seventh Defense**

Plaintiffs' claims and those of the putative class are barred by consent, public disclosure, and/or voluntary participation in public activities.

**Eighth Defense**

Plaintiffs' claims and those of the putative class are barred by estoppel as Plaintiffs and the putative class have been on notice of 1800petmeds.com's terms and conditions and/or privacy policy published on 1800petmeds.com website and consented to the same.

**Ninth Defense**

Plaintiffs' claims and those of the putative class are barred under the doctrines of laches and/or acquiescence as Plaintiffs and the putative class have been on notice of the terms and conditions and/or privacy policy of 1800petmeds.com website and consented to the same.

**Tenth Defense**

Plaintiffs' claims and those of the putative class are barred, in whole or in part, by their assumption of the risk because, without limitation, Plaintiffs and the putative class assumed the risk by using the 1800petmeds.com with the understanding that most companies employ common website analytics tools that capture basic web browsing activities.

**Eleventh Defense**

Plaintiff's claims and those of the putative class are barred by estoppel as Plaintiffs and the putative class have been on notice of 1800petmeds.com terms and conditions and/or privacy policy published on 1800petmeds.com website and consented to the same.

**Twelfth Defense**

Plaintiff's claims and those of the putative class are barred under the doctrines of laches and/or acquiescence as Plaintiffs and the putative class have been on notice of the terms and conditions and/or privacy policy of 1800petmeds.com website and consented to the same.

**Thirteenth Defense**

Plaintiffs' claims and those of the putative class are barred in whole or in part, because

PetMeds, at all times, acted in good faith and in compliance with applicable statutes and/or regulations.

**Fourteenth Defense**

Plaintiff's claims and those of the putative class are barred in whole or in part by PetMeds' objectively reasonable belief that any use of the Pixel and other alleged "tracking technologies" on publicly accessible portions of the website 1800petmeds.com was consented to and/or did not transmit "Private Information."

**Fifteenth Defense**

This case is improper for resolution on a class-wide basis because the putative class does not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically, Plaintiffs are not adequate representatives of any purported class; their claims are not typical; common questions of law or fact affecting the individual members of the class do not predominate; a class action is neither manageable nor superior; and/or there is no ascertainable class with a community of interest.

**Sixteenth Defense**

Plaintiffs' theory of relief is unconstitutionally overbroad because it infringes upon PetMeds' protected speech and would result in an untenable interpretation of her claims.

**Seventeenth Defense**

Plaintiffs' and the putative class's causes of action are barred, in whole or in part, because there is no basis for injunctive relief in this action.

**Eighteenth Defense**

The damages suffered by Plaintiffs and the putative class, if any, were the result of superseding and/or intervening causes, which actions bar, preclude, and/or diminish

Plaintiffs and the putative class members' recovery.

**Ninteenth Defense**

Plaintiffs' claims and those of the putative class are barred or must be reduced by their failure to mitigate damages to the extent that Plaintiff and putative class members continued to use the Website with knowledge of, or when they should have had knowledge of, the widespread use of common third-party website analytics and advertising tools.

**Twentieth Defense**

The imposition of any aggregated, class-wide damages in this case would be excessive and violate PetMeds' due process and other Constitutional Rights.

**Twenty-first Defense**

Plaintiffs and the putative class have suffered no actual injury or legally cognizable damages, and their purported damages, if any, are speculative and/or uncertain and, therefore, not compensable.

**Twenty-second Defense**

Plaintiffs' causes of action are barred, in whole or in part, by the statute of frauds, in that they are based on alleged promises or statements that were not reduced to writing between the parties.

**Twenty-third Defense**

Plaintiffs' claims and those of the putative class are barred, in whole or in part, because their alleged damages were caused by Plaintiffs or the putative class members own actions or by a third party.

**Twenty-fourth Defense**

Plaintiffs and putative class members' claims are barred, in whole or in part, because

they were not damaged by any act or omission of PetMeds. Further, any damages sought by Plaintiff and putative class members are speculative, uncertain, remote, and/or incapable of calculation.

**Twenty-fifth Defense**

Plaintiffs and putative class members' claims are barred, in whole or in part, by agreements that they entered into with third parties and/or by their prior disclosure of information to third parties.

**Twenty-sixth Defense**

Plaintiffs and putative class members' claims are barred, in whole or in part, to the extent that any alleged injury was voluntarily incurred for the purpose of manufacturing a legal claim.

**Reservation of Rights to Amend**

PetMeds reserves the right to modify, supplement or amend the defenses and affirmative defenses set forth herein as discovery remains ongoing.

WHEREFORE, PetMed Express, Inc. requests that Plaintiffs' First Amended Class Action Complaint, and all claims alleged therein, be dismissed with prejudice, that PetMed Express, Inc. be awarded the costs, disbursements, and attorneys' fees incurred in the defense of this action, and that PetMed be granted any other relief to which it may be entitled.

[SIGNATURES ON NEXT PAGE]

Dated: February 4, 2026

Respectfully Submitted,

*/s/ Jennifer McLoone*

Jennifer A. McLoone (FL Bar No.: 029234)
E-Mail: *jmcloone@shb.com*
Melissa N. Madsen (FL Bar. No.: 65416)
E-mail: *mmadsen@shb.com*
SHOOK, HARDY & BACON L.L.P.
Citigroup Center, Suite 3200
201 South Biscayne Blvd.
Miami, FL 33131
Tel: (305) 358-5171

Ara K. Ayvazian (FL Bar No.: 1004407)
E-Mail: *aayvazian@shb.com*
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa St., Suite 2900
Tampa, Florida 33602
Tel: (813) 202-7100

***Counsel for Defendant, PetMed Express, Inc.***