**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| KRISTIN COBBS, LYNNE KAWAMINAMI, and LORETTA SCHWEINSBURG, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br>vs.<br><br>PETMED EXPRESS, INC.,<br><br>*Defendant*. | Case No. 9:25-cv-80458-AMC |

**<u>DEFENDANT PETMED EXPRESS, INC.'S MOTION FOR CLARIFICATION REGARDING ECF NO. 93</u>**

Defendant PetMed Express, Inc. ("PetMeds"), by and through undersigned counsel respectfully moves this Court for clarification as to the effect of this Court's paperless Order at Docket Entry Number 93, relating to Plaintiffs' Motion for Class Certification.

## INTRODUCTION

Plaintiffs have brought the present class action lawsuit against PetMeds for alleged injuries Plaintiffs suffered as a result of certain ubiquitous analytics and advertising technology allegedly installed on PetMeds' website, 1800petmeds.com. As this Court knows, Plaintiffs' class certification motion deadline has been extended three times previously. [ECF Nos. 47, 63, 84]

## MEMORANDUM

In this Court's January 20, 2026 Order, the Court granted a limited extension of class certification deadlines, over PetMeds' objection and after noting that the Court had previously granted a "generous extension" of deadlines three months prior. [ECF No. 63]. That Order established April 7 as Plaintiffs' class certification motion deadline. Plaintiffs subsequently sought a two-week extension of that deadline, which PetMeds did not oppose in light of Plaintiff counsel's

personal circumstances. [ECF No. 83] That extension request was likewise granted, resetting the deadline to file their Motion For Class Certification on or before April 21, 2026. [ECF No. 84]

Plaintiffs filed their Motion for Class Certification in redacted form at midnight on April 22, 2026. [ECF No. 87] Plaintiffs filed a Notice of Exhibits on April 22, 2026 at 12:15 a.m, which included placeholders for confidential exhibits. [ECF No. 88] Plaintiffs served an unredacted motion on PetMeds at 12:15 a.m. and a complete set of exhibits at 1:30 a.m.

Plaintiffs' Notice was deficient [ECF No. 89] and a Corrected Notice was filed by Plaintiffs on April 22, 2026 [ECF No. 90]. It was only then, for the first time, that Plaintiffs moved to seal the redacted portions of their Motion and the confidential exhibits for which placeholders were filed. [ECF No. 91, filed on April 22, 2026 at 11:15 pm].

In response to Plaintiffs' Motion to Seal, this Court entered a Notice of Court Practices Regarding Sealing/Redacting [ECF No. 92] and ultimately denied without prejudice Plaintiffs' Motion for Class Certification and Plaintiffs' Unopposed Motion to Seal. [ECF No. 93] The Court set today, April 29, as the deadline for Plaintiffs to re-file their Motion to Seal, in compliance with Court procedures, and stayed the then-expired class certification motion deadline. *Id.*

In conferring with Plaintiffs on April 28-29, 2026, PetMeds became aware that Plaintiffs intend to modify their class certification motion, remove certain exhibits, and add an additional nineteen (19) exhibits.

PetMeds seeks clarification as to whether the Court's paperless Order at ECF No. 93 was intended to allow Plaintiffs an opportunity to substantively revise and amend their Motion for Class Certification including the addition of new and different exhibits. Given the short response

time permitted under Local Rule 7.1(c)(1), PetMeds had already begun preparing an Opposition to Plaintiffs' Motion as filed.[1]

PetMeds seeks clarification of this issue now so that the Parties and the Court do not unnecessarily expend resources in either preparing a response to a Motion that will be amended, or in ruling on sealing Plaintiffs' new exhibits if such were not contemplated by the Court.

**WHEREFORE,** for the foregoing reasons, PetMeds respectfully seeks clarification of the Court's paperless Order as to whether the Order allows substantive changes to Plaintiffs' Motion for Class Certification and accompanying exhibits.

**RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, but has been unable to resolve the issues.

Dated: April 29, 2026.

Respectfully submitted,

*/s/ Jennifer A. McLoone*

Jennifer A. McLoone (FL Bar No.: 029234)
E-Mail: *jmcloone@shb.com*
Melissa N. Madsen (FL Bar. No.: 65416)
E-mail: *mmadsen@shb.com*
SHOOK, HARDY & BACON L.L.P.
Citigroup Center, Suite 3200
201 South Biscayne Blvd.
Miami, FL 33131
Tel: (305) 358-5171

-and-

[1] In candor to the Court, undersigned counsel is presently scheduled to start trial in front of Judge Damian on May 18, and therefore is concerned about having an appropriate amount of time to respond to any re-filed Motion, in light of the unavailability attendant with this trial commitment.

Ara K. Ayvazian (FL Bar No.: 1004407)
E-Mail: *aayvazian@shb.com*
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa St., Suite 2900
Tampa, Florida 33602
Tel: (813) 202-7100

***Counsel for PetMed Express, Inc.***