**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| KRISTIN COBBS, LYNNE KAWAMINAMI, and LORETTA SCHWEINSBURG, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br>vs.<br><br>PETMED EXPRESS, INC.,<br><br>*Defendant.* | Case No. 9:25-cv-80458-AMC |

**DEFENDANT PETMED EXPRESS INC.'S**
**MEMORANDUM IN SUPPORT OF BILL OF COSTS**

Defendant PetMed Express, Inc. ("PetMeds") submits this memorandum in support of its Bill of Costs pursuant to Southern District of Florida Local Rule 7.3(c).

## I. PetMeds is Entitled to Recover Costs.

On July 31, 2026, the Court denied Plaintiffs' Motion to Certify Class, dismissed Plaintiffs' Amended Complaint, and closed the case. [ECF No. 120].[1] Accordingly, PetMeds is the prevailing party as to all claims brought against them. PetMeds asks the Court to approve its Bill of Costs in the amount of $24,278.44.

Rule 54(d)(1) provides that "costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); see *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268 (1988) ("Under Rule 54(d), the 'prevailing party' automatically is entitled to costs 'unless the court otherwise directs.'"). Generally, costs are awarded to a prevailing party under Rule 54(d)(1) as a matter of course. *See Fla. Keys Citizens Coal., Inc. v. U.S. Army Corps of Eng'rs*, 386 F. Supp. 2d

[1] Other claims had already been dismissed in this Court's ruling on PetMeds' Motion to Dismiss. [ECF No. 59]

1266, 1269 (S.D. Fla. 2005) ("[T]he taxation of costs merely represents the fair price of bringing unsuccessful litigation."). The items that a federal court may tax as "costs" under Rule 54(d) are defined in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Here, PetMeds obtained a dismissal on all claims against it and is unequivocally the prevailing party.

**II. The Bill of Costs Seeks Recoverable Costs.**

Consistent with 28 U.S.C. section 1920, the prevailing party is entitled to reimbursement for:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; and
>
> (5) Docket fees under section 1923 of this title.

PetMeds seeks in its Bill of Costs those fees for printed or electronically recorded transcripts necessarily obtained for use in the case, *i.e.* deposition transcripts; for printing, *i.e.* printing of documents used for the in-person deposition of Plaintiff Kristin Cobbs; and for costs necessarily incurred for making electronic copies of materials.

1. <u>Fees For Printed and Electronically Recorded Transcripts</u>

Section 1920(2) authorizes the Court to tax the costs of deposition transcripts obtained for use in the case. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). A deposition need not be used at trial in order to be taxable against a non-prevailing party. *Id.* Rather, a deposition is taxable if it appeared to be "reasonably necessary to the parties in light of the particular situation existing at the time the deposition was taken." *DiCecco v. Dillard House Inc.*, 149 F.R.D. 239, 241 (N.D. Ga.

1993); *see also Tang How v. Edward J. Gerrits, Inc.*, 756 F. Supp. 1540, 1545-46 (S.D. Fla. 1991). Section 1920(2) allows a Court to tax the cost of obtaining any necessary depositions, including those of a party's own employees. *See W&O, Inc.*, 213 F.3d at 622. Included are costs incurred for the video recording of depositions necessarily obtained for use in the case. This Court may award the costs of video-recording depositions. *Morrison v. Reichhold Chems. Inc.*, 97 F.3d 460, 465 (11th Cir. 1996). The same "necessarily obtained" inquiry which applies to the taxation of costs in acquiring deposition transcripts, *see supra*, is applied when taxing the cost of videotaped depositions. *Morrison*, 97 F.3d at 465.

Here, PetMeds incurred $13,801.25 in fees for transcripts and video recording of witness depositions taken in this case. Each expense is reflected in the invoices attached to the Bill of Costs, and each deposition was reasonably necessary for trial had the case not been resolved through motion practice. Every itemized expense in those invoices was necessarily obtained for use in this case.

The depositions of Jim Vint ($2,403.40 sought); Umesh Sripad ($836.20 and $2,713.20 sought); and Andrew Pafitis ($903.70 sought) were noticed by Plaintiffs and conducted through Veritext Legal Solutions. The invoiced amounts reflect Veritext's ordinary charges for conducting remote depositions via Zoom, including electronic management of the deposition exhibits incorporated into the transcripts Plaintiffs requested. PetMeds did not request any extra services for the convenience of counsel, nor did it pay for any unnecessary court-reporting services.

The depositions of Plaintiffs Kristin Cobbs ($4,099.75 sought) and Lynne Kawaminami ($2,845.00 sought), noticed by PetMeds, were conducted by Deposition Solutions LLC (Lexitas). The invoiced amounts reflect Lexitas's ordinary charges for an in-person deposition (Cobbs) and a remote deposition (Kawaminami). As is common, PetMeds video-recorded the depositions of Plaintiffs, who sought to represent nationwide and California classes. Indeed, PetMeds noticed Plaintiffs' depositions

for video recording and received no objection. *See Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016) ("The costs of a videographer may be taxed if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party."). PetMeds anticipated using the video-recordings in cross-examination should the case go to evidentiary hearing or trial.[2] *See, e.g.*, *E. Coast Assemblers, Inc. v. Nunez*, No. 24-CV-80090, 2026 WL 993392, at *3 (S.D. Fla. Mar. 11, 2026), *report and recommendation adopted,* No. 24-80090-CIV, 2026 WL 988936 (S.D. Fla. Apr. 13, 2026) (taxing video deposition costs in addition to costs for regular transcripts).

Finally, to the extent rough drafts and expedited delivery were ordered, that was due to the timing of the depositions — many noticed by Plaintiffs — relative to the court deadlines by which the deposition would be needed. *See Kemp v. Miami-Dade Cnty.*, No. 17-21783-CIV, 2018 WL 11476228, at *2 (S.D. Fla. Oct. 18, 2018) ("If an expedited transcript is necessary, then the prevailing party may recover the costs to expedite."), *report and recommendation adopted*, 2019 WL 13260546 (S.D. Fla. Jan. 4, 2019).

In all, PetMeds seeks the following costs related to depositions in this case:

| **Deponent** | **Party Noticing Witness** | **Amount** |
|---|---|---|
| Jim Vint | Plaintiffs | $2,403.40 |
| Umesh Sripad (1st deposition invoice) | Plaintiffs | $836.20 |
| Umesh Sripad (2nd deposition invoice) | Plaintiffs | $2,713.20 |
| Andrew Pafitis | Plaintiffs | $903.70 |

[2] PetMeds does not seek the cost of obtaining the video-recording; but simply the videography services at the deposition.

| Deponent | Party Noticing Witness | Amount |
|---|---|---|
| Plaintiff Kristin Cobbs | PetMeds | $4,099.75 |
| Plaintiff Lynne Kawaminami | PetMeds | $2,845.00 |
| **Total** | | **$13,801.25** |

2. Fees For Printing

Section 1920(3) allows for the taxing of "[f]ees and disbursements for printing and witnesses." 28 U.S.C. § 1920(3). Pursuant to this provision, PetMeds seeks $813.44 in printing costs associated with documents prepared for plaintiff depositions, including the in-person deposition of Plaintiff Kristin Cobbs. The documents printed were deposition exhibits or potential deposition exhibits. Thus, these materials were necessary for use in this case and should be taxed. *See Camps v. Bravo*, No. 1:20-CV-24294, 2023 WL 11959806, at *8 (S.D. Fla. Sept. 15, 2023) (taxing printing costs, and finding $0.50 per page rate for color printing and $0.15 per page rate for black-and-white printing reasonable).

3. Electronic Copies

PetMeds also seeks a portion of its e-discovery costs necessarily incurred in this case as a direct result of Plaintiffs' requests for production, which required that PetMeds collect, process, review, and produce custodial documents from numerous current and former PetMeds employees, consistent with an agreed-upon ESI protocol. As detailed in the Declaration of Joseph Swingle, attached as Exhibit 3 to the Bill of Costs, PetMeds incurred $9,663.75 in taxable e-discovery costs during the eleven-month period of discovery. *See* Decl. ¶ 5. These consist of e-discovery costs PetMeds incurred for processing native document collections requested of Plaintiffs, including

custodial emails, converting the documents into the electronic format agreed upon by the parties, and producing the documents to Plaintiffs. *See* Decl. ¶¶ 4, 5, 6.

Under 28 U.S.C. § 1920(4), PetMeds' costs for processing collected documents and preparing them for production are taxable. In *Procaps S.A. v. Patheon Inc.*, the court adopted the framework set forth in *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320 (Fed. Cir. 2013), for determining which electronic discovery costs qualify as taxable "copying" costs under Section 1920(4). Applying that framework, the court recognized that converting documents into a uniform production format constitutes a recoverable cost. *Procaps S.A. v. Patheon Inc.*, 2016 WL 411017, at *12 (S.D. Fla. Feb. 2, 2016). Likewise, the court found where a party is required to first create an image of the original source and then apply specialized techniques to extract documents while preserving associated metadata, those processing costs are recoverable as well. *Id.* Finally, the creation of load files is a taxable cost "to the extent that the files contain information required by the requested production." *Id.* Because PetMeds' processing costs fall squarely within these recognized categories, they are properly taxable as costs of "making copies" under Section 1920(4). *See id.*; *Agjunction LLC v. Agrian Inc.*, 2016 WL 3031088, *9 (D. Kan. May 27, 2016) (E-discovery costs associated with "'collection,' 'evaluation,' 'processing,' and 'production' of ESI amount to taxable 'copying' charges under § 1920(4).").[3]

## CONCLUSION

As PetMeds is the prevailing party in this action, it requests that this Court tax the costs listed in the Bill of Costs totaling $24,278.44 and grant such further relief deemed necessary and proper.

---

[3] PetMeds does not seek to recover costs for hosting of a document review database or other charges associated with its document production that do not fall within what was permitted in *Procaps*. Because the vendor invoices do not breakdown the charges along those lines, PetMeds has submitted a declaration in support of those expenses instead.

**LOCAL RULES 7.1(a)(3) & 7.3 CERTIFICATION**

Pursuant to Local Rules 7.1(a)(3) and 7.3(c) the undersigned certifies that they conferred with Plaintiffs' counsel on August 20, 2026 and August 25, 2026 before filing this Motion and that the parties were unable to agree on the relief sought.

Dated: August 28, 2026

Respectfully submitted,

*/s/ Jennifer A. McLoone*

Jennifer A. McLoone (FL Bar No.: 029234)
E-Mail: jmcloone@shb.com
Melissa N. Madsen (FL Bar. No.: 65416)
E-mail: mmadsen@shb.com
SHOOK, HARDY & BACON L.L.P.
Citigroup Center, Suite 3200
201 South Biscayne Blvd.
Miami, FL 33131
Tel: (305) 358-5171

-and-

Ara K. Ayvazian (FL Bar No.: 1004407)
E-Mail: aayvazian@shb.com
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa St., Suite 2900
Tampa, Florida 33602
Tel: (813) 202-7100

***Counsel for PetMed Express, Inc.***