**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 25-80458-CIV-CANNON/Reinhart**

**KRISTIN COBBS** and **LYNNE KAWAMINAMI**,

*individually and on behalf of all others similarly situated*,

Plaintiffs,

v.

**PETMED EXPRESS, INC.**,

Defendant.
_______________________________________/

**PLAINTIFFS' OPPOSITION TO BILL OF COSTS**

## INTRODUCTION

Defendant seeks $24,278.44 in costs from the two named representatives. As courts have routinely recognized, a jurisdictional dismissal does not materially change the legal relationship between the parties, so it does not make anyone a prevailing party. Defendant also relies on the wrong analytical framework. When a case is dismissed for lack of jurisdiction, costs are governed by a separate statute, not the prevailing-party rule, and that statute lets the Court award only just costs. Unlike the prevailing-party rule, that statute carries no presumption in favor of an award. Instead, the party seeking costs has the burden of showing that an award would be just. Defendant makes no attempt to carry that burden. Nor could it. In the Eleventh Circuit, named representatives cannot receive incentive awards, so Plaintiffs stood to gain only on their individual claims. Nothing about this case justifies shifting Defendant's costs onto them. Accordingly, an award of costs would serve only to penalize the named representatives for taking part in this lawsuit.

## ARGUMENT

Defendant asserts that "PetMeds obtained a dismissal on all claims against it and is unequivocally the prevailing party." *See* Mtn. at 2. But here, the Court dismissed Plaintiffs' claims "without prejudice for lack of jurisdiction." *See* MCC Order at 16. As courts have routinely recognized, "[b]ecause a dismissal for lack of subject matter jurisdiction does not generally result in a material alteration of the legal relationships of the parties, a dismissal for lack of subject matter jurisdiction does not automatically confer prevailing party status." *See Nagar v. Rosenberg*, 2024 WL 3362341, at *1 (S.D. Fla. June 25, 2024) (collecting cases); *Stelor Productions, L.L.C. v. Silvers*, 2006 WL 8435228, at *11 (S.D. Fla. July 18, 2006); *Chistu v. Pizzola*, 2020 WL 4462186, at *2 (S.D. Fla. Aug. 4, 2020) ("A dismissal without prejudice for lack of subject matter jurisdiction ordinarily is not viewed as one conferring 'prevailing party' status – primarily because

the parties remain free to seek a determination of the issues in another forum, and the legal relationship between the parties following such a disposition has not been materially changed."); *Brito v. Southlan Plaza Inc.*, 2018 WL 7291408, at *1 (M.D. Fla. Nov. 20, 2018) ("A dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction.").

More generally, Defendant seeks costs pursuant to "Rule 54(d)" and "28 U.S.C. § 1920." *See generally* Mtn. at 1–7. But here, "[a]n award of costs in a case dismissed for lack of jurisdiction is governed by 28 U.S.C. § 1919, which states, '[w]henever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs.'" *Grigorian v. FCA US, LLC*, 2021 WL 5605542, at *4 (S.D. Fla. Oct. 1, 2021). "Unlike Rule 54(d), § 1919 is permissive, allows the district court to award 'just costs,' and does not turn on which party is the 'prevailing party.'" *Colceriu Barbary*, 2022 WL 3099006, at *3 (M.D. Fla. June 8, 2022). As a corollary, "[b]ecause express provisions of costs is made in § 1919, Rule 54(d)(1) does not apply to cases dismissed on jurisdictional grounds." *Atkinson v. Penn. Shipbuilding Co.*, 2007 WL 4270622, at *2 (E.D. Pa. Dec. 3, 2007). Accordingly, "fees and costs under Federal Rule of Civil Procedure 54(d) may not be awarded where an underlying claim is dismissed for lack of subject matter jurisdiction." *Idea Place Corp. v. Fired*, 390 F. Supp. 2d 903, 904 (N.D. Cal. 2005); *Sream, Inc. v. Smoke This Too*, 2017 WL 3025864, at *2 (S.D. Fla. July 14, 2017) ("The Eleventh Circuit treats a dismissal for lack of standing as the functional equivalent of a dismissal for lack of subject matter jurisdiction.").

At the threshold, "[t]he party moving for costs has the burden of submitting a request that enables the court to make a properly informed decision regarding their appropriateness." *Broach v. Snyder's Lance, Inc.*, 2018 WL 11229896, at *1 (M.D. Fla. Jan. 5, 2018). But here, Defendant seeks fees exclusively based on its self-described status as "the prevailing party in this action."

*See* Mtn. at 6. As courts have held, however, "costs awarded under § 1919 are not subject to a presumption that they shall be awarded to a prevailing party." *Callicrate v. Farmland Industries, Inc.*, 139 F. 3d 1336, 1340 n. 8 (10th Cir. 1998). Indeed, courts have noted that Congress intentionally designed 28 U.S.C. § 1919 "as an exception to the presumption in favor of awarding costs to the prevailing party codified in Rule 54(d)(1)." *See Whitford v. Gill*, 402 F. Supp. 3d 529, 533 (W.D. Wisc. 2019). "To hold otherwise would be to read § 1919 out of existence." *Carr v. Trustees of Purdue University*, 2025 WL 918544, at *1 (S.D. Ind. Mar. 25, 2025). Defendant therefore fails to explain how compelling the named representatives to pay $24,278.44 in costs "is 'just.'" *Atkinson*, 2008 WL 191167, at *2. And because "[a] party seeking costs under § 1919 must demonstrate that the costs are 'just,'" Defendant's failure to establish as much is dispositive. *See Levy v. Switft Transportation Co.*, 1999 WL 35809850, at *2 (D.N.M. Jan. 14, 1999); *see generally Otay Land Co. v. United Enterprises Ltd.*, 672 F. 3d 1152, 1159 (9th Cir. 2012) ("[T]he proper standard for 'just' costs is what is most fair and equitable under the circumstances."); *Bravo v. AIM Marketing & Ins. Services of Arizona Inc.*, 2019 WL 13194894, at *2 (D. Az. Dec. 4, 2019) ("Evaluating just costs involves a two-step analysis—whether an award of costs is just and equitable and, if so, the appropriate amount of costs.").

An award of costs would be unjust. In general, named representatives bear "a slight risk of being made liable for sanctions, costs, or other fees should the suit go dangerously awry." *Matter of Continental Illinois Securities Litig.*, 962 F. 2d 566, 572 (7th Cir. 1992). In other circuits, "incentive awards are designed to induce a class representative to participate in the suit, and to make up for financial or reputational risk undertaken in bringing the action." *Johnson v. NPAS Solutions, LLC*, 975 F. 3d 1244, 1258 (11th Cir. 2020) (cleaned up). In the 11th Circuit, by contrast, "district courts cannot grant incentive awards to named parties as part of a class-action

settlement agreement." *Poblano v. Russell Cellular Inc.*, 543 F. Supp. 3d 1293, 1295 (M.D. Fla. 2021). Because this case never went "dangerously awry" and Plaintiffs only stood to gain on their individual claims, an award of $24,278.44 in costs would amount to a retaliatory measure designed to penalize the named representatives for participating in this lawsuit. *See, e.g.*, *In re Cardizem CD Antitrust Litig.*, 481 F. 3d 355, (6th Cir. 2007) ("Rule 54(d) and § 1920 do not permit district courts to impose costs on attorneys, as opposed to the parties they represent."); *cf. Jones v. DirecTV, Inc.*, 381 Fed. App'x 895, 896 (11th Cir. 2010) (holding that "[t]he waiver of a class action in the arbitration with DirecTV is unconscionable" because "subscribers each seek to recover about $200, but they have to weigh whether that small recovery would offset their costs of up to $125 for initiating the arbitration, the price of expert witnesses, and other expenses").

## CONCLUSION

Because Defendant is not a prevailing party under Rule 54(d) and 28 U.S.C. § 1920, its motion to tax costs should be denied in full.[1]

Dated: September 14, 2026

Respectfully submitted,

MARCUS RASHBAUM PINEIRO & MEYERS LLP
By: ***Christopher R. Reilly***
Christopher R. Reilly, Esq.
Florida Bar No. 1025097
creilly@mrpfirm.com
Michael A. Pineiro, Esq.
Florida Bar No. 41897
mpineiro@mrpfirm.com
One Biscayne Tower
2 S. Biscayne Blvd., Ste. 2530
Miami, Florida 33131
Telephone: (305) 400-4260

[1] Under Local Rule 7(c)(1), Plaintiffs had 14 days from when Defendant filed its motion for costs—i.e., until and through Friday, September 11, 2026—to file an opposition brief. As outlined in the attached declaration, a technical outage prevented Plaintiffs' counsel from filing the opposition brief on Friday, September 11, 2026. Given the inability to file on Friday, Rule 6(3) of the Federal Rules of Civil Procedure automatically extended the deadline to Monday, September 14, 2026.