**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

KRISTIN COBBS, LYNNE KAWAMINAMI, and LORETTA SCHWEINSBURG, individually and on behalf of all others similarly situated,

*Plaintiffs,*

vs.

PETMED EXPRESS, INC.,

*Defendant.*

Case No. 9:25-cv-80458-AMC

**DEFENDANT PETMED EXPRESS INC.'S**
**REPLY IN SUPPORT OF BILL OF COSTS**

Defendant PetMed Express, Inc. ("PetMeds") is the prevailing party in this action, and Plaintiffs' Opposition[1] does not seriously dispute that PetMeds obtained everything it could have asked for: denial of class certification, dismissal of the operative complaint, and closure of the case. Instead, Plaintiffs ask this Court to hold that the jurisdictional character of that dismissal categorically forecloses cost-shifting. That argument is misplaced. In *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419 (2016), the Supreme Court held that a defendant qualifies as the prevailing party whenever a plaintiff's claim is defeated, regardless of whether the court's decision rested on the merits. *Id.* at 431. The Eleventh Circuit applied that rule in *Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289 (11th Cir. 2021). And just months ago, in a case arising from this very

[1] Plaintiffs represent that a technical outage with the Court's electronic filing website prevented them from *filing* their Opposition on Friday, September 11, 2026, and that this extended their deadline to the following Monday. *See* ECF No. 126 at 5 n.1. However, Local Rule 7.1 requires that an opposing party also ***serve*** its memorandum within the prescribed period. S.D. Fla. L.R. 7.1(c)(1) ("[E]ach party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."). PetMeds notes, for the record, that the Opposition was not served on September 11; in fact, it did not receive Plaintiffs' Opposition until Monday, September 14, 2026, at 6:11 p.m.

District, the Eleventh Circuit reaffirmed it, holding that a defendant was the prevailing party under Rule 54(d) even though the underlying dismissal rested on a lack of subject-matter jurisdiction. *See Lozman v. City of Riviera Beach*, No. 25-12868, 2026 WL 296565, at *1 (11th Cir. Feb. 4, 2026) (unpublished) (citable as persuasive authority pursuant to 11th Cir. R. 36-2).

Ultimately, the Court need not resolve which provision governs, because the result is the same either way. If Rule 54(d) applies, PetMeds is entitled to costs as a matter of course as the prevailing party. And if 28 U.S.C. § 1919 applies instead, the "just costs" standard is likewise satisfied. Plaintiffs, not PetMeds, chose to litigate nationwide and state-wide class claims for over a year, forced PetMeds to sit for and take depositions and to process substantial volumes of electronically stored information, and only then were found to lack Article III standing to pursue those claims. Nor, as explained below, is this a case that calls for equitable leniency toward the losing plaintiffs. This Court's own Order makes clear that the named Plaintiffs sustained no actual injury, and that they learned of their claims only through a targeted social media advertisement following their purchases, not because they perceived any invasion of privacy. *See* ECF No. 120 at 10 n.4, at 12. Whether the standard is mandatory or discretionary, it is not unjust to require Plaintiffs to bear the modest, itemized costs directly attributable to the litigation they chose to bring. Lastly, Plaintiffs' Opposition does not challenge the reasonableness or necessity of a single item in PetMeds' Bill of Costs. The Court should tax costs in the full amount requested, $24,278.44.

## I. PetMeds Is the Prevailing Party Under Rule 54(d)

Plaintiffs' central premise, that "a dismissal for lack of subject matter jurisdiction does not automatically confer prevailing party status," ECF No. 126 at 2, describes a rule of thumb, not an absolute bar. Indeed, the Supreme Court squarely rejected the notion that a defendant must prevail

on the merits to qualify as a prevailing party. *CRST Van Expedited*, 578 U.S. at 431. As the Court explained, "[a] defendant has . . . fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *Id.*[2]

Courts within this District have already confronted, and rejected, the identical argument Plaintiffs raise here. In *Siegmund on behalf of Linkwell Corp. v. Xuelian Bin*, the plaintiff, having lost its claims against a defendant for lack of standing, argued that "a dismissal for want of jurisdiction does not trigger an award of costs under Federal Rule of Civil Procedure Rule 54(d)(1) and 28 U.S.C. § 1920." 2019 WL 2267205, at *1 (S.D. Fla. Mar. 11, 2019), *report and recommendation adopted*, 2019 WL 2267137 (S.D. Fla. Mar. 28, 2019). The Court squarely rejected that argument, explaining that "the Supreme Court has rejected the distinction urged by Plaintiff in the context of determining whether a party is 'prevailing' within the meaning of the fee-shifting statute," and that *CRST Van Expedited* "effectively overruled precedent holding that 'when a defendant wins because the action is dismissed for lack of subject matter jurisdiction he is never a prevailing party'"). *Id.* at *2 (quoting *CRST Van Expedited*, 578 U.S. at 432; citing *Amphastar Pharmaceuticals Inc. v. Aventis Pharma SA*, 856 F.3d 696, 710 (9th Cir. 2017)). Because the plaintiff there failed to achieve the benefits sought once its claims were dismissed for lack of standing—a standing dismissal the Eleventh Circuit affirmed on appeal—the Court found

[2] This Court recently applied this same standard in this District, explaining that "[a] defendant prevails 'whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason.'" *PNC Bank, N.A. v. Floral Emporium, Inc.*, No. 25-CV-80711-RS, 2026 WL 1910923, at *2 (S.D. Fla. June 4, 2026) (Reinhart, J.) (quoting *CRST Van Expedited*, 578 U.S. at 431; citing *Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1298-99 (11th Cir. 2021)), *report and recommendation adopted*, No. 25-80711-CIV, 2026 WL 1909156 (S.D. Fla. July 2, 2026).

that the defendant "prevailed" and was entitled to costs under section 1920. *Id.* The same result follows here.

The Eleventh Circuit adopted this "common sense" rule in *Beach Blitz*, holding that the touchstone is whether the judgment "rebuffed" the plaintiff's effort to "effect a material alteration in the legal relationship between the parties," carrying the requisite "judicial imprimatur," not whether the court reached the substantive merits. 13 F.4th at 1296-1300. In discussing how that rule applies outside the Rule 12(b)(6) context, the Eleventh Circuit noted that other courts had extended it to dismissals for lack of personal jurisdiction, but expressly declined to take a position of its own, leaving "an open question whether other types of non-merits involuntary dismissals should confer prevailing party status." *Id.* at 1301.

The Eleventh Circuit answered that open question, at least as to jurisdictional dismissals of this kind, just months ago, in a case arising out of this very District. In *Lozman v. City of Riviera Beach*, the district court dismissed the plaintiff's complaint without prejudice for lack of subject-matter jurisdiction, and the defendant then moved for a bill of costs under Rule 54(d). 2026 WL 296565, at *1. The plaintiff objected, arguing that the defendant "failed to obtain a preclusive judgment and was not a prevailing party entitled to costs under Federal Rule of Civil Procedure 54(d)." *Id.* The Eleventh Circuit affirmed the cost award, holding that "a defendant prevails whenever it prevents a 'material alteration' of the legal relationship, regardless of whether the district court reaches the merits of a plaintiff's complaint," and that the defendant therefore "rebuffed" the plaintiff's complaint through the dismissal. *Id.* (citing *CRST Van Expedited*, 578 U.S. at 431).

The reasoning in *Lozman* applies here with equal force. On July 31, 2026, the Court denied Plaintiffs' motion for class certification, dismissed the Amended Complaint, and closed the case. *See*

ECF No. 120. That Order finally and completely rebuffed Plaintiffs' effort to represent, and to recover on behalf of, a nationwide or state-wide class, and it terminated their individual claims as well. Under *CRST Van Expedited* and *Beach Blitz*, and as confirmed by *Siegmund*, *Floral Emporium*, and the Eleventh Circuit's persuasive guidance in *Lozman*, PetMeds is the prevailing party.

## II. Even if 28 U.S.C. § 1919 Applied, an Award of Costs is Warranted

Plaintiffs devote much of their Opposition to arguing that, if 28 U.S.C. § 1919 rather than Rule 54(d) applies, PetMeds bears the burden of showing that an award of costs is "just," and that PetMeds has not carried that burden. *See* ECF No. 126 at 3-4. PetMeds need not resolve which provision applies to prevail, because the outcome is the same either way, the record here readily satisfies the "just costs" standard.

Courts assessing "just costs" under section 1919 ask "what is the most fair and equitable under the circumstances." *Otay Land Co. v. United Enters. Ltd.*, 672 F.3d 1152, 1159 (9th Cir. 2012) (quoted in Plaintiffs' Opposition, ECF No. 126 at 4); *see also David Madison Cawthorn v. Auto-Owners Ins. Co.*, 2022 WL 1224020, at *2 (M.D. Fla. Jan. 10, 2022) (quoting *Otay Land Co.*, 672 F.3d at 1157), *report and recommendation adopted sub nom. Cawthorn v. Auto-Owners Ins. Co.*, 2022 WL 1224046 (M.D. Fla. Jan. 31, 2022). That inquiry favors PetMeds.

Plaintiffs, not PetMeds, elected to file and prosecute putative nationwide and California class claims. That choice required PetMeds to litigate class-wide discovery for roughly eleven months. It included producing custodial documents from numerous current and former employees pursuant to an agreed ESI protocol, and sitting for depositions of its own witnesses noticed by Plaintiffs. PetMeds also had to depose Plaintiffs Cobbs and Kawaminami, the very individuals whose standing was ultimately found lacking, to test the adequacy and typicality of their claims for class-certification purposes. Every cost PetMeds now seeks to tax is a direct, foreseeable consequence of Plaintiffs' own

decision to pursue class-wide claims, not a cost PetMeds gratuitously incurred. Having put PetMeds through the expense of class discovery, Plaintiffs cannot now claim it would be "unjust" to require them to reimburse PetMeds for costs incurred squarely because Plaintiffs' claims were dismissed.

If anything, this Court's own Order denying class certification confirms that equity favors PetMeds, not Plaintiffs. The Court did not simply find a technical jurisdictional defect. It found, after a "complete" and "full class-certification record," including the named Plaintiffs' own deposition testimony, that neither Cobbs nor Kawaminami ever had a protectable privacy interest in the information at issue in the first place based on their very own words and actions. *See* ECF No. 120 at 1, 3, 9-13. As the Court noted, Cobbs testified that she has "no" concern with people knowing her dog's prescription information, that she has never read a website's privacy policy because such policies are "inconsequential" to her purchasing decisions, and that her online shopping habits have not changed at all since she filed this lawsuit. *Id.* at 10-11. She candidly agreed that her only complaint is "the violation itself," not any actual intrusion into information she personally kept private. *Id.* at 11. The Court noted that Kawaminami fares no better as she continues to shop on PetMeds' website using the very same browser settings that supposedly enabled the challenged tracking, has never reviewed PetMeds' privacy policy, and has publicly posted in a Facebook group about the very pet-heath regiment she claims to have wanted to keep private. *Id.* at 12. And both named Plaintiffs learned of their potential status as class representatives not because they discovered or were troubled by any invasion of their privacy, but through targeted Instagram and Facebook advertisements soliciting individuals who had already made purchases on PetMeds' website. *Id.* at 10 n.4, 12. On that record, the Court concluded that Plaintiffs were left with nothing more than a "bare statutory violation" that, "divorced from any concrete harm," cannot support Article III standing. *Id.* at 14-15 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 440-41 (2021)).

This is not, then, a case in which an award of costs is inequitable. Plaintiffs were solicited into this suit through targeted advertising, professed indifference to the very privacy interests they purported to litigate, and never disputed a word of the deposition testimony that doomed their claims. *See* ECF No. 120 at 13 ("... Plaintiffs entirely fail to engage with the developed facts ..."). Having pursued nationwide and state-wide class claims on that basis for the better part of a year, and having put PetMeds through the corresponding expense of discovery, an award of modest, limited costs is just. Nothing about "just costs" under section 1919 requires the Court to overlook the very findings it made just over a month ago.

Nor is there anything unusual or punitive about the amounts at issue. PetMeds' Bill of Costs is limited to categories section 1920 expressly recognizes: deposition transcripts and video, printing of deposition exhibits, and e-discovery processing costs tied directly to Plaintiffs' own document requests. And while section 1919 could include an even broader range of costs incurred by PetMeds than section 1920, PetMeds affirmatively excluded costs, such as database-hosting charges, that do not fall within recognized section 1920 categories. *See Grigorian v. FCA US, LLC*, 2021 WL 5605542, at *4 (S.D. Fla. Oct. 1, 2021) (noting "§ 1919 can allow broader recovery" and that "§ 1920's provisions are a useful guide when assessing whether costs should be awarded"). Plaintiffs identify no specific line item as excessive, unnecessary, or unrelated to the litigation. Instead, they challenge only PetMeds' entitlement to costs in the abstract. Where, as here, the requested costs are modest, itemized, and tied directly to the losing party's own litigation choices, "just costs" under § 1919 supports an award in the full amount sought, just as it would under Rule 54(d).

## III. Any Bar on Class-Representative Incentive Awards is Inapplicable

Plaintiffs' final argument, that awarding costs against them would be "unjust" because the Eleventh Circuit bars incentive awards to class representatives, is inapposite. Whether a district court

may award additional compensation to a named plaintiff out of a class settlement fund has no bearing on whether an unsuccessful named plaintiff is exempt from the ordinary rule that costs follow the case. Named plaintiffs who elect to bring, albeit unsuccessfully, a lawsuit occupy the same position as any other unsuccessful litigant for cost purposes. Plaintiffs cite no authority, from this Circuit or any other, holding that the *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020) incentive-award bar also immunizes named plaintiffs from Rule 54(d) or section 1919 costs. There is none, because the two rules serve entirely different purposes. *Johnson* polices self-dealing in the distribution of settlement funds among class members and their representatives, while the taxation of costs "represents the fair price of bringing unsuccessful litigation." *See Fla. Keys Citizens Coal., Inc. v. U.S. Army Corps of Eng'rs*, 386 F. Supp. 2d 1266, 1269 (S.D. Fla. 2005).

## CONCLUSION

Plaintiffs' Opposition fails for two independent reasons. First, PetMeds is the prevailing party entitled to costs under Rule 54(d). Second, even if section 1919 governs, the requested costs are plainly "just" because they are modest, documented, and directly attributable to litigation Plaintiffs chose to pursue. Plaintiffs do not challenge any individual cost item as unreasonable, unnecessary, or unrecoverable. Accordingly, the Court should tax costs in the full requested amount of $24,278.44.

Dated: September 21, 2026

Respectfully submitted,

*/s/ Jennifer A. McLoone*

Jennifer A. McLoone (FL Bar No.: 029234)
E-Mail: jmcloone@shb.com
Melissa N. Madsen (FL Bar. No.: 65416)
E-mail: mmadsen@shb.com
SHOOK, HARDY & BACON L.L.P.
Citigroup Center, Suite 3200
201 South Biscayne Blvd.
Miami, FL 33131
Tel: (305) 358-5171

-and-

Ara K. Ayvazian (FL Bar No.: 1004407)
E-Mail: aayvazian@shb.com
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa St., Suite 2900
Tampa, Florida 33602
Tel: (813) 202-7100

***Counsel for PetMed Express, Inc.***